UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| THOMAS D. STEELE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 4:08-cv-85 |
| v. | ) | Judge Mattice |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Thomas D. Steele brought this action for judicial review of the final decision of the Commissioner of Social Security that he was not disabled under the Social Security Act. The Court referred this matter to Magistrate Judge William B. Mitchell Carter pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b) for a Report and Recommendation ("R&R").

Magistrate Judge Carter entered his R&R [Court Doc. 28] on January 15, 2010, recommending that Defendant's Motion for Summary Judgment [Court Doc. 22] be granted, that Plaintiff's Motion for Judgment on the Pleadings [Court Doc. 18] be denied, and that the Commissioner's decision be affirmed and the action dismissed. Plaintiff has filed a timely objection to the R&R [Court Doc. 29].

For the reasons stated below, the Court will **OVERRULE** Plaintiff's objection and will **ACCEPT AND ADOPT** Magistrate Judge Carter's Report and Recommendation.

I.  **STANDARD OF REVIEW**

The Court must conduct a *de novo* review of those portions of the R&R to which an objection is made and may accept, reject, or modify, in whole or in part, the Magistrate

Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). For those portions of the R&R to which objections have been made, the Court will directly review the circumstances leading to the determination that Plaintiff was not disabled. *Id*.

The Court must determine whether substantial evidence supports the Commissioner's denial of benefits. Substantial evidence is defined as "more than a mere scintilla" of evidence and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## II.  FACTS

Magistrate Judge Carter's R&R fully sets forth the relevant facts in this case. There have been no objections to the relevant facts as set forth in the R&R. Accordingly, the Court **ACCEPTS AND ADOPTS BY REFERENCE** the "Relevant Facts" section of the R&R. (Court Doc. 28, R&R at 5-13.)

## III.  ANALYSIS

The Court initially finds that most of Plaintiff's objections raise no new arguments but are simply a reargument of issues previously raised in Plaintiff's Motion for Judgment on the Pleadings and which were fully addressed in the Report and Recommendation. The Court finds that further analysis of these same arguments would be merely cumulative and is unwarranted in light of Magistrate Judge Carter's well-reasoned and well-supported Report and Recommendation. The Court will, however, respond to the two novel points raised.

Plaintiff asserts a specific objection to Magistrate Judge Carter's finding that the ALJ properly gave little weight to the medical assessment of Dr. Koella. (Court Doc. 29, Pl.'s

Objs. at 5.)  Magistrate Judge Carter agreed with the ALJ's result, in part, because Dr. Koella's assessment limited Plaintiff to sitting less than one hour a day due to a coccyx fracture and there was no evidence in the record of a coccyx fracture.  (R&R at 16.) Plaintiff takes issue with this statement and refers the Court to an August 25, 2003 notation from Rob Steiner, PA to Dr. Jimmie Woodlee, stating that Plaintiff had "an area of questionable nondisplaced fracture" on the coccyx and further noting under "Assessment" that Plaintiff had a "[c]ontusion, non-displaced fracture of the coccyx."  (Administrative Record ("AR") at 241.)

Plaintiff correctly quotes this record, but the Court finds that this record does not conclusively establish that Plaintiff ever fractured his coccyx.  Based on the use of the word "questionable," the Court concludes that it was unclear that Plaintiff had a fractured coccyx. The Court also notes records from Dr. Woodlee dated September 8, 2003, stating that Plaintiff had persistent pain from a contusion to his coccyx, not a fracture.  (AR at 227.)

Even if Plaintiff had a fractured coccyx, however, Mr. Steiner's treatment notes of October 7, 2003 clearly state that Plaintiff had a "*[p]robable* contusion to coccyx *which is now resolved*."  (AR at 219.) (emphasis added).  Therefore, any fracture or contusion to Plaintiff's coccyx, if it in fact occurred, was resolved as of October 2003.  It is difficult for the Court to see how this possible injury could still be at issue as of January 11, 2007, when Dr. Koella wrote that Plaintiff could only sit for less than one hour per day due to a coccyx fracture.  (AR at 769-72.)

Plaintiff further objects to the ALJ's statement that Dr. Koella determined that Plaintiff was more limited than he himself claimed to be because Plaintiff never testified about his abilities, but the ALJ was referring to Plaintiff's description of his daily activities,

contrasted with Dr. Koella's assessment that Plaintiff should be laying down six hours out of every eight. (R&R at 25.) Plaintiff's description of his daily activities could not be reconciled with this extremely severe restriction. Magistrate Judge Carter credited the ALJ's decision to afford Dr. Koella's opinion little weight after reviewing all of the available medical evidence, acknowledging these inconsistencies, and noting that Dr. Koella's own treatment notes indicated that Plaintiff was making good progress. (R&R at 17, 23-25.) The Court finds that Magistrate Judge Carter did not err in concluding that the ALJ properly determined that Dr. Koella's assessment was entitled to little weight.

Plaintiff's last novel objection is rather a request that the Court take judicial notice of a subsequent decision by the Commissioner to award him Social Security Disability benefits as of March 22, 2007. (Pl.'s Objs. at 9.) The Court acknowledges that Plaintiff was successful in his subsequent application for benefits, but the Court is "confined to review evidence that was available to the [ALJ]." *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992). The Court can only review the ALJ's decision in the context of the information available at the time of Plaintiff's application, and the Court cannot consider a later favorable determination based upon different information and covering a different period of time.

The Court finds that Magistrate Judge Carter extensively and exhaustively assessed the reasoning of the ALJ in response to the arguments contained in Plaintiff's Motion for Judgment on the Pleadings. Plaintiff offers no new objection to the report and recommendation that would convince the Court that Magistrate Judge Carter's recommendations are unwarranted or unsupported.

Accordingly, the Court agrees with Magistrate Judge Carter's conclusion that the

ALJ properly assessed all of the evidence in the record in making his determination, and the Court concludes that the Commissioner's decision was supported by substantial evidence. Magistrate Judge Carter's recommendation that the Commissioner's decision be affirmed and this action be dismissed is **ACCEPTED** and **ADOPTED**. Plaintiff's objections to the R&R are **OVERRULED**. The Commissioner's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion for Judgment on the Pleadings is **DENIED**. This Commissioner's decision is **AFFIRMED** and this action is **DISMISSED WITH PREJUDICE**.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** the following:

- Magistrate Judge Carter's Report and Recommendation [Court Doc. 28] is **ACCEPTED AND ADOPTED** in its entirety;

- Plaintiff's Objection [Court Doc. 29] to Magistrate Judge Carter's Report and Recommendation is **OVERRULED**;

- The Commissioner's Motion for Summary Judgment [Court Doc. 22] is **GRANTED**;

- Plaintiff's Motion for Judgment on the Pleadings [Court Doc. 18] is **DENIED**; and

- The Commissioner's decision is **AFFIRMED** and this action is **DISMISSED WITH PREJUDICE**. The Clerk shall close the case.

**SO ORDERED** this 24th day of March, 2010.

/s/Harry S. Mattice, Jr.
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE